PAUL L. REIN, ESQ. (SBN 43053)
AARON M. CLEFTON, ESQ.  (SBN 318680)
REIN & CLEFTON, Attorneys at Law
1423 Broadway #1133
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:  510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
JAMES LLEWELLYN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES LLEWELLYN,

    Plaintiff,

    v.

BARRERA GONZALO dba CJ'S
SALOON; OLD COURTHOUSE
PROPERTIES INVESTMENT, LLC,

    Defendants.

CASE NO.
Civil Rights

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**

1. **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**

2. **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**

3. **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**

DEMAND FOR JURY TRIAL

Plaintiff JAMES LLEWELLYN complains of Defendants BARRERA GONZALO dba CJ'S SALOON; OLD COURTHOUSE PROPERTIES INVESTMENT, LLC, and alleges as follows:

1.     **INTRODUCTION:** Defendants denied disabled Plaintiff JAMES LLEWELLYN an accessible restroom and accessible paths of travel throughout CJ's Saloon located at 548 Contra Costa Blvd., Pleasant Hill, California.  Plaintiff lives close to CJ's Saloon, and he would like to frequent the bar on a regular basis.  However, the lack of accessible restroom and paths of travel at the bar make it difficult for him to patronize the facility.  Defendants have not provided full and equal access for disabled customers at CJ's Saloon.

1

2.     On November 28, 2022, Plaintiff went to the CJ's Saloon to have a drink with a friend. They ordered a drink at the bar which did not have a lowered area which made it difficult for Plaintiff to transact business with Defendants' staff.  He had difficulty communicating with staff, paying for his drink, and receiving his drink due to the height of the counter.  Plaintiff then went out to the back patio to enjoy his drink, but he found the wooden ramp from the back door to the patio was difficult and unsafe to navigate.  There were no handrails or other protective barriers at the side of the ramp, and when he moved to the edge to let other patrons by him, the ramp tipped to the side causing the footrest on his wheelchair to dig into the ground and break. Finally, when Plaintiff attempted to use the restroom, he found it too small to navigate in his wheelchair, and he had to urinate in a cup because he could not reach either the urinal or the toilet safely.  This restroom should have been made accessible under state law due alterations that were performed at the premises, but access not provided in the restrooms.  All these barriers to access caused Plaintiff significant anxiety, difficulty, discomfort, and embarrassment.

3.     Defendants have denied disabled Plaintiff JAMES LLEWELLYN accessible public facilities at CJ's Saloon in Pleasant Hill, California.  Plaintiff is a "person with a disability" or "physically handicapped person" who requires the use of a wheelchair for mobility. He is unable to use portions of public facilities which are not accessible to mobility disabled persons.  On or about November 28, 2022, Plaintiff was denied his rights to full and equal access at CJ's Saloon.  He was denied his civil rights under both California law and federal law, and continues to have his rights denied, because these facilities were not, and are not now, properly accessible to physically disabled persons, including those who use a wheelchair or other assistive devices for mobility.

4.     Plaintiff seeks injunctive relief to require Defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to patronize the subject premises will be provided accessible facilities.  Plaintiff also seeks recovery of damages for his discriminatory experiences and denial of access and of civil rights, which denial is continuing as a result of Defendants' failure to provide disabled accessible facilities.  Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under

federal and state law.

5.    **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building Code.

6.    **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

7.    **INTRADISTRICT:**  This case should be assigned to the Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

8.    **PARTIES:**   Plaintiff is a "qualified" physically disabled person who cannot walk due to Multiple Sclerosis and who requires use of a wheelchair for locomotion.  He owns a disabled licensed vehicle which entitles him to park in a properly configured disabled accessible parking space.  He has been issued a California state placard for disabled parking.

9.    Defendants BARRERA GONZALO dba CJ'S SALOON; OLD COURTHOUSE PROPERTIES INVESTMENT, LLC, are and were the owners, operators, lessors and/or lessees of the subject business, property and buildings at all times relevant to this Complaint.  Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

10.    CJ'S Saloon is a place of "public accommodation" and "business establishment" subject to the requirements of 42 USC section 12181(7)(B) of the Americans with Disabilities

Act of 1990; of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et seq.*  On information and belief, CJ's Saloon and its facilities were built after July 1, 1970, and since then have undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code sections 19953-19959 *et seq.*, and, as to construction and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of the Americans with Disabilities Act of 1990.  Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also known as the California Building Code.  Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9).

11.  **FACTUAL STATEMENT:**  Plaintiff is a disabled person who uses a motorized wheelchair for mobility.  He relies on businesses and other public places to provide accessible restroom facilities and paths of travel so that he can navigate the business on an equal basis to nondisabled patrons.  Unfortunately, the architectural barriers that Plaintiff encountered at CJ's Saloon made it impossible for him to access independently.

12.  On November 28, 2022, Plaintiff went to CJ's Saloon to have a drink with his friend.  They entered the building and approached the bar to order a beverage.  The Saloon is approximately 5 minutes from his home.  When Plaintiff rolled up to the bar, he found the bar to be too high to comfortably communicate with Defendants' staff and pay for his drink. He was unable to find a lowered section bar to transact his business, and he was unable to get the bartender's attention due to the height of the bar. Plaintiff had to order and pay for his beverage at the service area of the bar instead of at bar where other patrons were transacting business.

13.  After they received their drinks, Plaintiff and his friend decided to go outside to the back patio area to consume their beverages.  Plaintiff approached the back of CJ's Saloon, and he saw that there was a makeshift ramp to get out to the patio.  The ramp was made of plywood and lacked any sort of handrail or edge protection.  Plaintiff started down the ramp, but a couple was trying to get inside at the same time that he was starting down the ramp.  Plaintiff attempted

to get out of the way of the other patrons by moving to one side of the ramp. However, when he did so, the ramp began to tip over. Plaintiff's wheelchair started to slide off the ramp. The footrest of his wheelchair caught on the ground which stopped him from tipping over, but the impact caused the footrest of Plaintiff's wheelchair to break. The experience scared and embarrassed Plaintiff, so he quickly righted himself, grabbed his broken footrest, and made his way to a table on the patio.

14.     Plaintiff calmed down and enjoyed his drink with his friend. When he was finished, Plaintiff needed to use the restroom. He carefully wheeled himself back up the ramp ensuring that he stayed in the very middle of the ramp so as not to tip it over. Plaintiff also had to physically hold his leg up off of the ground due to his broken footrest.

15.     Plaintiff made it inside safely and found the men's restroom. He pushed the door open and entered the restroom. Inside he saw a toilet stall, a urinal, and a sink, but there was almost zero room for him to maneuver his wheelchair. He was unable to enter the toilet stall or the approach the urinal. Plaintiff urgently needed to use the restroom, so he had to urinate into a plastic cup and dispose of his waste in a trash can to avoid having a bodily functions accident. Plaintiff was unable to get to the sink to wash his hands.

16.     Plaintiff then spent about 20 minutes trying to get out of the restroom. Due to the small size and the layout of the restroom Plaintiff had to maneuver himself around in his chair so that he was facing the door which took some time. Then when Plaintiff was finally facing the door, the lack of strike edge clearance at the opening side of the door made it almost impossible for Plaintiff to open the door.

17.     When Plaintiff was finally able to get out of the restroom, he went to find his friend. Although Plaintiff's friend wanted to stay and have another drink at CJ's Saloon, Plaintiff told her that he wanted to leave. Plaintiff did not want to risk having to try to use the restroom at CJ's Saloon again.

18.     Due to his experience at CJ Saloon, Plaintiff now needs to get the footrest of his wheelchair repaired. Plaintiff has a high-end motorized wheelchair. The footrest of Plaintiff's wheelchair is integrated into the power system of his wheelchair which can lift him into a

5

1   standing position, so the cost of repairing the damage to Plaintiff's wheelchair is over $20,000.

2        19.    Defendants have failed to provide an accessible path of travel to the back patio and

3   restroom at CJ's Saloon.  To the extent that Defendants could not make the paths of travel

4   throughout the fully accessible because to do so was not readily achievable, they failed to make

5   the path of travel as accessible as possible for disabled persons.  Plaintiff estimates the costs of

6   providing improving access in the paths of travel by providing a compliant ramp can cost less

7   than $1,200.  Further, Defendants have failed to provide an accessible restroom at their premises.

8   To the extent that they could not make their restroom fully accessible because to do so was not

9   readily achievable, Defendants failed to make the restroom as accessible as possible or to provide

10  any accessible features so that disabled persons could access the restroom.  Plaintiff estimates the

11  costs of improving access in the restroom can range between $300 - $800 for remediating each

12  individual element to make the premises and restroom more accessible to the maximum extend

13  feasible.  For example, installing grab bars might cost $300-$400.  Removing the partitions to

14  create a unisex restroom could cost $500. Replacing the sink to provide more room inside the

15  restroom might cost $750.  Other items cost almost nothing to change, such as relocating paper

16  towel, toilet paper, and soap dispensers.  Each of these are easy to do and do not cost very much

17  to accomplish, and the benefit to disabled persons and Plaintiff is the ability to use the restroom

18  which allows them to use the premises at all.

19       20.    The above referenced barriers to access are listed without prejudice to Plaintiff

20  citing additional barriers to access by an amended complaint after inspection by Plaintiff's access

21  consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.*

22  524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir.

23  2011).  All of these barriers to access render the premises inaccessible to physically disabled

24  persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter

25  when he returns to the premises.  All facilities must be brought into compliance with all

26  applicable federal and state code requirements, according to proof.

27       21.    Further, each and every violation of the Americans with Disabilities Act of 1990

28  also constitutes a separate and distinct violation of California Civil Code section 54(c) and

54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101 *et seq***

22.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 21 of this Complaint and incorporates them herein as if separately re-pleaded.

23.     In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

24.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

25.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

26.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which include but are not limited to any "restaurant, bar or other establishment serving food or drink." 42 USC § 12181(7)(B).

27.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges,

1    advantages, or accommodations available through alternative methods if such methods are readily

2    achievable."

3    The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under

4    the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

5        28.    The removal of each of the physical barriers complained of by Plaintiff as

6    hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards

7    of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one

8    of the architectural and/or policy barriers complained of herein were already required under

9    California law.  Further, on information and belief, alterations, structural repairs or additions

10   since January 26, 1993, have also independently triggered requirements for removal of barriers to

11   access for disabled persons per section 12183 of the ADA.  In the event that removal of any

12   barrier is found to be "not readily achievable," Defendants still violated the ADA, per

13   section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and

14   accommodations through alternative methods that were "readily achievable."  In this case, for

15   example, Defendants could repair certain sections of the side walk and provide signage

16   identifying the designated accessible path of travel.

17       29.    The ability to use the restroom and traverse a path of travel is fundamental

18   necessity of accessing and patronizing a bar. Therefore, the benefits of creating an accessible

19   restroom and path of travel does not exceed the cost of readily achievable barrier removal. These

20   costs are fundamental to doing business, like any other essential function of operating a bar or

21   restaurants, such as the costs of as ensuring fire safety.  It is thus readily achievable to remove

22   these barriers.

23       30.    On information and belief, as of the dates of Plaintiff's encounters at the premises

24   and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have

25   denied and continue to deny full and equal access to Plaintiff and to other mobility disabled

26   persons in other respects, which violate Plaintiff's right to full and equal access and which

27   discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff

28   the full and equal enjoyment of the goods, services, facilities, privileges, advantages and

accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

31.     Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing CJ's Saloon and discriminated and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.  Plaintiff intends to return to patronize CJ's Salon once barriers to access have been removed.

32.     Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiff JAMES LLEWELLYN entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

33.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff JAMES LLEWELLYN is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize CJ's Saloon, in light of Defendants' policies and physical premises barriers.

34.     Plaintiff seeks an award of reasonable attorney fees, litigation expenses and costs pursuant to 42 U.C.S section 12205.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE**
**SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS**
**INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

35.     Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 34 of this Complaint and incorporates them herein as if separately re-pleaded.

36.     At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

37.     California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

38.     Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

39.     Any violation of the Americans with Disabilities Act of 1990 also constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

11

40.     The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, and compensatory damages to Plaintiff, according to proof.

41.     **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)**

42.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 41, above, and incorporates them herein by reference as if separately repled hereafter.

43.     Plaintiff JAMES LLEWELLYN and other similarly situated physically disabled persons, including those who require the use of an assistive device for mobility, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19953 -19959.  Plaintiff is a member of

12

that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19953 *et seq.* Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited." Civil Code § 54.1(a). Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act. Civil Code §§ 54(c), and 54.1(d).

44. Title 24, California Code of Regulations, formerly known as the California Administrative Code and now also known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, Defendants and/or their predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect. Further, Plaintiff alleges, on information and belief, that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions the CJ's Saloon, also occurred between July 1, 1970, and December 31, 1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et seq.* Further, on information and belief, additions to the building after the initial construction also occurred after January 1, 1972, triggering access requirements per Health and Safety Code section 19959. Alterations or additions after January 26, 1993 trigger ADA liability and requirements per 42 USC sections 12182 and 12183 of the ADA.

45.    **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of a wheelchair or other assistive device for movement in public places.

46.    Plaintiff is deterred from returning to use these facilities, because the lack of access will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities.  Therefore, Plaintiff cannot return to patronize CJ's Saloon and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other mobility disabled persons.  Plaintiff specifically intends to return and patronize CJ's Saloon once it is made accessible, including the restroom and paths of travel.

47.    The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that he has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that he or other physically disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA)*, *Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011).   As to the Defendants that currently owns, operates, and/or leases (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

48.    Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any

14

continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, and other law.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

49.     **DAMAGES:**  As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated.  Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.  These violations have deterred Plaintiff from returning to attempt to patronize CJ's Saloon and will continue to cause him damages each day these barriers to access continue to be present.  Plaintiff to intends to return to CJ's Saloon once the premises has been made accessible for his full and equal enjoyment.

50.     **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section

1   19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their

2   facilities accessible to all disabled members of the public, justifying "public interest" attorney

3   fees, litigation expenses and costs pursuant to the provisions of California Code of Civil

4   Procedure section 1021.5 and other applicable law.

5         WHEREFORE, Plaintiff requests relief as outlined below.

6                                    **<u>PRAYER</u>**

7         Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this

8   Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the

9   unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless

10  Plaintiff is granted the relief he requests.  Plaintiff and Defendants have an actual controversy and

11  opposing legal positions as to Defendants' violations of the laws of the United States and the

12  State of California. The need for relief is critical because the rights at issue are paramount under

13  the laws of the United States and the State of California.

14        WHEREFORE, Plaintiff JAMES LLEWELLYN prays for judgment and the following

15  specific relief against Defendants:

16        1.      Issue a preliminary and permanent injunction directing Defendants as current

17  owner, operator, lessor, and/or lessee of the subject property and premises to modify the above

18  described property, premises, policies and related facilities to provide full and equal access to all

19  persons, including persons with physical disabilities for use of their facility, including restroom

20  facilities, and including alternate methods of providing restroom facilities if so required; and issue

21  a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing

22  Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities,

23  and which provide full and equal access, as required by law, and to maintain such accessible

24  facilities once they are provided; to cease any discriminatory policies, and to train Defendants'

25  employees and agents in how to recognize disabled persons and accommodate their rights and

26  needs;

27        2.      Retain jurisdiction over the Defendants until such time as the Court is satisfied that

28  Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically

1    inaccessible public facilities and policies as complained of herein no longer occur, and cannot

2    recur;

3        3.      Award to Plaintiff all appropriate damages, including but not limited to statutory

4    damages and general damages in amounts within the jurisdiction of the Court, all according to

5    proof;

6        4.      Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and

7    costs of this proceeding as provided by law;

8        5.      Award prejudgment interest pursuant to Civil Code section 3291; and

9        6.      Grant such other and further relief as this Court may deem just and proper.

10    Date: March 3, 2023                REIN & CLEFTON

11                             */s/ Aaron Clefton*

12                             By AARON CLEFTON, Esq.
Attorneys for Plaintiff

13                             JAMES LLEWELLYN

14                      **JURY DEMAND**

15        Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

16    Date: March 3, 2023                REIN & CLEFTON

18                             */s/ Aaron Clefton*
By AARON CLEFTON, Esq.

19                             Attorneys for Plaintiff
JAMES LLEWELLYN

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES