DocuSign Envelope ID: D561B142-6AD6-4E09-9AE0-7E3475EC7D06

1  AARON M. CLEFTON, Esq.  (SBN 318680)
   REIN & CLEFTON, Attorneys at Law
2  1423 Broadway #1133
   Oakland, CA  94612
3  Telephone:  510/832-5001
   Facsimile:  510/832-4787
4  info@reincleftonlaw.com

5  Attorneys for Plaintiff
   JAMES LLEWELLYN
6

7              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
8

9  JAMES LLEWELLYN,                          Case No. 3:23-cv-00976-JCS
                                             Civil Rights
10          Plaintiff,

11     v.                                    **COURT ENFORCEABLE
                                             SETTLEMENT AGREEMENT AND
                                             [PROPOSED] ORDER FOR
12  ANDY S SALOON CORPORATION                INJUNCTIVE RELIEF**
    dba CJ'S SALOON; OLD
13  COURTHOUSE PROPERTIES                    Action Filed: March 3, 2023
    INVESTMENT, LLC,
14
            Defendants.
15

16

17      1.      Plaintiff JAMES LLEWELLYN filed a Complaint in this action on March 3,

18  2023, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42

19  U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery of damages

20  for discriminatory experiences, denial of access, and denial of civil rights against Defendants

21  ANDY S SALOON CORPORATION dba CJ'S SALOON and OLD COURTHOUSE

22  PROPERTIES INVESTMENT, LLC.  Plaintiff has alleged that Defendants violated Title III

23  of the ADA; Sections 51, 52, 54, 54.1, and 54.3 of the California Civil Code; and Health and

24  Safety Code §§ 19953 *et. seq.* by failing to provide full and equal access to patrons at CJ's

25  Saloon, located at 548 Contra Costa Blvd., Pleasant Hill, California.

26      2.      In order to avoid the costs, expense, and uncertainty of protracted litigation,

27  Plaintiff ANDY S SALOON CORPORATION dba CJ'S SALOON and OLD

28  COURTHOUSE PROPERTIES INVESTMENT, LLC (together sometimes the "Signing

Parties") agree to entry of this Court Enforceable Settlement Agreement and Order to resolve all claims regarding injunctive relief raised in the Complaint without the need for protracted litigation. Accordingly, the Signing Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for relief. The Signing Parties have reached a separate settlement agreement regarding Plaintiff's claims for damages, attorneys' fees, and litigation expenses, which agreement fully and finally resolves Plaintiff's claims for damages, including attorneys' fees and litigation costs and expenses against Defendants.

**JURISDICTION:**

3.     The Signing Parties to this Court Enforceable Settlement Agreement and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Civil Code sections 51, 54, and 54.1.

WHEREFORE, the Signing Parties to this Court Enforceable Settlement Agreement hereby agree and stipulate to the Court's entry of this Court Enforceable Settlement Agreement and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

4.     This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.

5.     The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed to in this Court Enforceable Settlement Agreement and Order.

        a.     **Physical Remedial Measures and Administrative Procedures:**

                i.     Defendants shall make the restroom a unisex restroom.

1          ii.    Defendants shall remove all toilet stall partitions in restroom.

2          iii.   Defendants shall install an automatic door opener at the restroom

3                 door to solve the strike edge clearance issue.

4          iv.    Defendants shall relocate the toilet paper dispenser to 7 -9 inches

5                 in front of the toilet, between 15-18 above the finished floor.

6          v.     Defendants shall install a lowered section of the bar, for example a

7                 shelf on a hinge.

8          vi.    Defendants shall install a compliant ramp to the exterior seating

9                 area.

10   b.    **Timing**:  Defendants will complete remediation of each item above by

11         June 1, 2024.  If unforeseen difficulties prevent Defendants from

12         completing any of the agreed-upon injunctive relief, Defendants or its

13         counsel will notify Plaintiff's counsel in writing within seven (7) days

14         of discovering the delay.  Plaintiff will have thirty (30) days to

15         investigate and meet and confer with Defendants, and to approve the

16         delay by stipulation or otherwise respond to Defendants' notice.  If the

17         Parties cannot reach agreement regarding the delay within that time

18         period, Plaintiff may seek enforcement by the Court. Plaintiff

19         understands and agrees that the injunctive relief promised by

20         Defendants in this Stipulation requires the approval and cooperation of

21         third parties, such as local government permitting officials, and that

22         while Defendants will do everything in its power to facilitate the

23         promised remediation by the deadline specified above, there may be

24         unforeseen delays caused by third parties not under the control of

25         Defendants.

26   c.    If Defendants fail to provide injunctive relief on the agreed upon

27         timetable and Plaintiff files a motion with the Court to obtain

28         compliance with these terms, the Parties agree to Plaintiff's right to

1      seek additional attorney's fees for any compliance work necessitated

2      by Defendants' failure to keep this agreement. Defendants reserve the

3      right to oppose any such requests. If the Parties disagree, the parties

4      agree to participate in a Magistrate Judge-conducted Settlement

5      Conference for the purposes of resolving the disputed fees.  If the

6      Settlement Conference fails to resolve the fee dispute, Plaintiff can

7      seek an order directing the Defendants to pay Plaintiff's reasonably

8      incurred fees for the enforcement.

9 **DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

10      6.      The Parties have reached a separate settlement agreement regarding Plaintiff's

11 claims for damages, attorneys' fees, and litigation expenses, which agreement fully and

12 finally resolves Plaintiff's claims for damages, including attorneys' fees and litigation costs

13 and expenses against Defendants. The Parties request that the Court retain jurisdiction to

14 enforce that monetary settlement agreement.

15 **ENTIRE COURT ENFORCEABLE SETTLEMENT AGREEMENT AND ORDER:**

16      7.      This Court Enforceable Settlement Agreement and Order constitute the entire

17 agreement between the Signing Parties on the matters of injunctive relief, and no other

18 statement, promise, or agreement, either written or oral, made by any of the Signing Parties

19 or agents of any of the Signing Parties that is not contained in this written Court Enforceable

20 Settlement Agreement and Order, shall be enforceable regarding the matters of injunctive

21 relief described herein.

22 **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

23      8.      Each of the Signing Parties to this Court Enforceable Settlement Agreement

24 and Order understands and agrees that there is a risk and possibility that, subsequent to the

25 execution of this Court Enforceable Settlement Agreement and Order, any or all of them will

26 incur, suffer, or experience some further loss or damage with respect to the lawsuit that is

27 unknown or unanticipated at the time this Court Enforceable Settlement Agreement and

28 Order is signed. Except for all obligations required in this Court Enforceable Settlement

1    Agreement and Order, the Signing Parties intend that this Court Enforceable Settlement

2    Agreement and Order apply to all such further loss with respect to the lawsuit, except those

3    caused by the Signing Parties subsequent to the execution of this Court Enforceable

4    Settlement Agreement and Order. Therefore, except for all obligations required in this Court

5    Enforceable Settlement Agreement and Order, this Court Enforceable Settlement Agreement

6    and Order shall apply to and cover any and all claims, demands, actions, and causes of action

7    by the Signing Parties to this Court Enforceable Settlement Agreement with respect to the

8    lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and

9    the provisions of Section 1542 of the California Civil Code are hereby expressly waived.

10   Section 1542 provides as follows:

11   **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS**
**THAT THE CREDITOR OR RELEASING PARTY DOES NOT**
12   **KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT**
**THE TIME OF EXECUTING THE RELEASE AND THAT, IF**
13   **KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY**
**AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**
14   **OR RELEASED PARTY.**

15          9.      Except for all obligations required in this Court Enforceable Settlement

16   Agreement and Order each of the Signing Parties to this Court Enforceable Settlement

17   Agreement and Order, on behalf of each, their respective agents, representatives, predecessors,

18   successors, heirs, partners, and assigns, releases and forever discharges each other Party and all

19   officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent

20   companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and

21   representatives of each other Party, from all claims, demands, actions, and causes of action of

22   whatever kind or nature, presently known or unknown, arising out of or in any way connected

23   with the lawsuit.

24   **TERM OF THE COURT ENFORCEABLE SETTLEMENT AGREEMENT AND**
**ORDER:**
25

26          10.     This Court Enforceable Settlement Agreement and Order shall be in full force

27   and effect for a period of twelve (12) months after the date of entry of this Court Enforceable

28   Settlement Agreement and Order by the Court.

**SEVERABILITY:**

11.     If any term of this Court Enforceable Settlement Agreement and Order is determined by any court to be unenforceable, the other terms of this Court Enforceable Settlement Agreement and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND SIGNING PARTIES:**

12.     Signatories on the behalf of the Signing Parties represent that they are authorized to bind the Signing Parties to this Court Enforceable Settlement Agreement and Order. This Court Enforceable Settlement Agreement and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

CESA AND [PROPOSED] ORDER
Case No. 3:23-cv-00976-JCS

| | |
|---|---|
| 1 | Dated: _12/21/2023_ |
| 2 | |
| 3 | |
| 4 | |
| 5 | Dated: _12/22/23_ |
| 6 | |
| 7 | |

Dated: 12/21/2023            PLAINTIFF JAMES LLEWELLYN

JAMES LLEWELLYN

Dated: 12/22/23            DEFENDANT ANDY S SALOON
                           CORPORATION dba CJ'S SALOON


By: _____
Print name:
Title:

Dated: 12/21/23            DEFENDANT OLD COURTHOUSE
                           PROPERTIES INVESTMENT, LLC


By: _____
   John Tsern (Dec 21, 2023 15:20 PST)
Print name: John Tsern
Title:      Manager

Approved as to form:

Dated: 12/21/2023            REIN & CLEFTON

                           Aaron Clefton, Esq.
                           80A73A083CEC42C
By:  AARON M. CLEFTON, ESQ.
Attorneys for Plaintiff
JAMES LLEWELLYN


Dated: 12/21/2023            LAW OFFICE OF RICK MORIN, PC


By:  RICK MORIN, ESQ.
Attorneys for Defendants
ANDY S SALOON CORPORATION dba CJ'S
SALOON and OLD COURTHOUSE
PROPERTIES INVESTMENT, LLC

1

**ORDER**

2          Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

3     Dated: __January 4__ , ~~2023~~ 2024

4                                                    Honorable Joseph C. Spero
                                                     U.S. Magistrate Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28